UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:23-cv-00052-CRS-LLK

ZANDRA M.                                                                                                PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                     DEFENDANT

### REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) pursuant to Title II of the Social Security Act. [Doc. 1]. Plaintiff's motion for summary judgment is at Doc. 11, and the Commissioner's response in opposition (fact/law summary) is at Doc. 15. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 10].

For the reasons below, Plaintiff's three arguments are unpersuasive, and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence. Accordingly, the RECOMMENDATION will be that the Court DENY Plaintiff's motion for summary judgment [Doc. 11], AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

### The ALJ's decision

On June 15, 2022, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 9 at 17-38]. The ALJ denied Plaintiff's claim, finding lack of disability from August 15, 2020, when Plaintiff alleges that she became disabled, through June 15, 2022, when the ALJ issued her decision.

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 15, 2020, when she alleges that she became disabled. *Id.* at 20.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: paranoid schizophrenia and social anxiety disorder. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 21.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her paranoid schizophrenia and social anxiety disorder, Plaintiff can:

> … understand, remember, and carry out simple instructions and procedures involving brief initial learning periods of 30 days or less … maintain concentration, persistence, and pace for simple tasks involving little or no independent judgment and minimal variation … tolerate occasional interaction with supervisors and co-workers but no interaction with the general public … adapt to the pressures and changes of a routine work environment.

*Id.* at 24.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 35.

Fifth, the ALJ found that Plaintiff can perform a significant number of jobs in the national economy such as dishwasher (Dictionary of Occupational Titles (DOT) 318.687-010), cleaner (DOT 323.687-010), and hand packer (DOT 920.687-014). *Id.* at 37.

## Standard of review

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

## Plaintiff's first argument is unpersuasive.

Plaintiff's first argument is that: "Remand is required because the ALJ failed to satisfy the Step Five burden of proving that there are a significant number of occupations in the national economy that [Plaintiff] would be capable of performing." [Doc. 11-1 at PageID.897].

At the administrative hearing, the vocational expert (VE) testified that there are approximately 1.4 million dishwasher, 2.4 million cleaner, and 484,000 hand packer jobs -- over 4 million jobs total -- in the national economy that could be performed by an individual having Plaintiff's residual functional capacity (RFC). [Doc. 9 at 24, 57-58]. Upon cross examination, the VE conceded that some of the 4 million plus jobs mentioned would be classified as part time work (in light of the VE's source of information, which takes into account some part time positions). *Id.* at 61.

Plaintiff argues that, in satisfying his Step Five burden, the Commissioner may not rely on any part time work. Therefore, according to the argument, in light of the VE's above concession, substantial evidence does not support a conclusion that there are a significant number of jobs in the national economy that Plaintiff can perform.

The argument is unpersuasive for two reasons.

First, it is not the case that, in satisfying the Commissioner's Step five burden, the Commissioner may not rely on any part time work.

Plaintiff notes that Social Security Ruling (SSR) 96-8p provides that:

> Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

[Doc. 11-1 at PageID.897 quoting SSR 96-8p, 1996 WL 374184, at *2]. But 20 C.F.R. § 404.1572(a) defines "substantial gainful activity" in terms of full-time and part-time work:

> Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

"Ruling 96-8p does not say, nor do we interpret it to imply, that a VE may permissibly testify only as to the availability of full-time jobs." *Liskowitz v. Comm'r of Soc. Sec.*, 559 F.3d 736, 745 (7th Cir. 2009); *Sedore v. Comm'r*, 2018 WL 1449209 (W.D. Mich. Feb. 23, 2018) (same) (collecting authorities).

Second, even if it were the case that, in satisfying the Commissioner's Step Five burden, the Commissioner may not rely on any part time work, a judicial disturbance of the Commissioner's final decision would still be unwarranted in this case. "[N]o principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006). As indicated above, the VE testified that there are over 4 million jobs in the national economy that could be performed by an individual having Plaintiff's RFC. [Doc. 9 at 57-58]. The Sixth Circuit recently held that an ALJ's finding that "32,000 suitable jobs exist across the nation fits comfortably within what this court and others have deemed [to be a] significant" number of jobs in the national economy. *Moats v. Comm'r*, 42 F.4th 558, 563 (6th Cir. 2022) (internal quotation omitted). The Commissioner persuasively argues that "to demonstrate that the ALJ did not rely on a substantial number of jobs, Plaintiff would need to prove that less than one percent of those jobs were performed as full-time positions." [Doc. 15 at PageID.920-21]. There is no reason to believe that less than one percent of the jobs identified by the VE were full-time positions.

### Plaintiff's second argument is unpersuasive.

Plaintiff's second argument is that: "Remand is required because the ALJ made several errors in her evaluation of the medical opinion evidence of record." [Doc. 11-1 at PageID.900]. The errors alleged pertain to the ALJ's weighing of the medical opinions of Drs. Seigler and Guerrero.

On May 20, 2021, Plaintiff was examined at the request of the Commissioner by Kathy Seigler, Psy.D., who opined that Plaintiff has a moderate limitation in the ability to understand and remember; a moderate to marked limitation in social interaction; a moderate to marked limitation in the ability to

sustain concentration and persistence; and a moderate to marked limitation in the ability to adapt and tolerate stress. [Doc. 9 at 399].

On July 11, 2021, in light of Dr. Seigler's findings and Plaintiff's medical records as a whole, the Commissioner's non-examining program psychologist, Alexis Guerrero, M.D., opined that Plaintiff has an RFC:

1. To understand and remember simple and detailed instructions

2. To carry out simple tasks over a routine workday and workweek.

3. To relate adequately with supervisors and co-workers, and is able to perform work in a nonpublic setting.

4. To adapt to routine workplace changes as it relates to simple tasks.

[Doc. 9 at 76-78].

In her decision on June 15, 2022, the ALJ found the "marked" limitations opined by Dr. Seigler to be "largely consistent with the consultative examination findings but is not consistent with the medical evidence that shows the claimant's mental symptoms improved subsequent to the consultative psychological examination." *Id.* at 35. The ALJ found the RFC limitations opined by Dr. Guerrero to be "persuasive because it is consistent with and supported by the mental health treatment notes as well as the statements [Plaintiff] made to other treating sources throughout the record." *Id.*

Plaintiff makes two sub-arguments.

First, Plaintiff argues that "the ALJ's evaluation of Dr. Seigler's opinion lacks the necessary articulation required to allow for meaningful judicial review." [Doc. 11-1 at PageID.904].

The argument is unpersuasive because, in finding that Dr. Seigler's opinion is "largely consistent with the consultative examination findings" [Doc. 9 at 35], the ALJ considered the opinion's "supportability" as required by 20 C.F.R. § 404.1520c(c)(1). In finding that Dr. Seigler's opinion is "not consistent with the medical evidence that shows the claimant's mental symptoms improved subsequent to the consultative psychological examination" [Doc. 9 at 35], the ALJ considered the opinion's

5

"consistency" as required by 20 C.F.R. § 404.1520c(c)(2). "We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b)(2).

Second, Plaintiff argues that the ALJ erred in not evaluating Dr. Guerrero's finding that she has a "marked" limitation in her "ability to work in coordination with or in proximity to others without being distracted by them." [Doc. 11-1 at PageID.902-03 quoting Doc. 9 at 77].

As indicated above, Dr. Guerrero opined that Plaintiff has an RFC:

1. To understand and remember simple and detailed instructions.

2. To carry out simple tasks over a routine workday and workweek.

3. To relate adequately with supervisors and co-workers, and is able to perform work in a nonpublic setting.

4. To adapt to routine workplace changes as it relates to simple tasks.

[Doc. 9 at 76-78]. The ALJ accepted all four of Dr. Guerrero's RFC opinions. *Id.* at 35.

In support of his RFC Opinion No. 2 (above), Dr. Guerrero further found that Plaintiff has:

1. No significant limitation in ability to carry out very short and simple instructions.

2. Moderate limitation in ability to carry out detailed instructions.

3. Moderate limitation in ability to maintain attention and concentration for extend periods.

4. Moderate limitation in ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.

5. No significant limitation in ability to sustain an ordinary routine without special supervision.

6. Marked limitation in ability to work in coordination with or in proximity to others without being distracted by them.

7. No significant limitation in ability to make simple work-related decision.

8. Moderate limitation in ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

[Doc. 9 at 77].

Plaintiff's argument is unpersuasive because Dr. Guerrero's finding that Plaintiff has a "marked" limitation in ability to work in coordination with or in proximity to others without being distracted by them was given on a mere "worksheet" that assisted him in determining whether Plaintiff can carry out simple tasks over a routine workday and workweek.  The first finding was given on "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and **does not constitute an RFC assessment**."  *Kimberly Dawn H. v. Comm'r*, No. 3:21-CV-00203-CHL, 2022 WL 4122231, at *7 (W.D. Ky. Sept. 9, 2022) (quoting Programs Operations Manual System (POMS) § 24510.060(B)(2).

### Plaintiff's third argument is unpersuasive.

Plaintiff's third argument is that:  "Remand is required because the ALJ failed to consider all durational periods of at least 12 months."  [Doc. 11-1 at PageID.904].

On September 15, 2021, licensed clinical social worker (LCSW) Robin C. Bilan completed the Mental Impairment Questionnaire on Plaintiff's behalf.  [Doc. 9 at 406-11].  The LCSW found that Plaintiff had several "marked" limitations.  *Id.*  The ALJ found the LCSW's opinion to be "less persuasive because it was prepared during an exacerbation of the claimant's symptoms around the time the claimant was attempting to self-adjust her medication, and the record shows that her functioning improved after she resumed her medication as prescribed."  *Id.* at 35.  As indicated above, the ALJ found lack of disability from August 15, 2020, when Plaintiff alleges that she became disabled, through June 15, 2022, when the ALJ issued her decision.  [Doc. 9 at 17-38].  Plaintiff argues that the ALJ erred in failing to consider the possibility of a closed period of disability during the thirteen-month period between August 15, 2020, and September 15, 2021.

The argument is unpersuasive for two reasons.

7

First, Plaintiff did not allege a closed period of disability at the administrative level. Ordinarily, the issue of a closed period arises when the claimant alleged and the ALJ found a closed period. *See e.g. Niemasz v. Comm'r*, 155 F. App'x 836 (6th Cir. 2005). In that situation, the "ground rules for assessing a closed-benefits claim" are whether substantial evidence supported the ALJ's finding of "medical improvement" such that the claimant is "now able to engage in substantial gainful activity." *Id.* at 839-40.

Second, regardless of whether Plaintiff alleged it, to find a closed period, the ALJ would have had to find that Plaintiff's symptoms were at a disabled level of severity for a "continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). While Plaintiff's symptoms may have been exacerbated on September 15, 2021, there is no evidence of twelve months of continuous exacerbation between August 15, 2020, and September 15, 2021.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY Plaintiff's motion for summary judgment [Doc. 11], AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

August 17, 2023

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

August 17, 2023

Lanny King, Magistrate Judge
United States District Court